IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| WESTGATE GV AT THE WOODS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 10-03269-CV-S-DGK |
| | ) | |
| SHERMAN P. DICKSON and | ) | |
| VERNA B. RICE-DICKSON, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING MOTION TO STRIKE**

This case arises out of a contractual relationship between Plaintiff, Westgate GV at the Woods ("Westgate"), a Florida limited liability company that employs agents to sell timeshare units in Branson, Missouri, and Defendants, Sherman and Verna Dickson ("the Dicksons"), a husband and wife from Dennard, Arkansas, who purchased three Branson timeshare units from Westgate. Westgate filed a Complaint against the Dicksons for alleged tortious interference with advantageous business relationships, tortious interference with contractual relationships, libel, and libel per se. The Dicksons filed a counter-claim for violation of the Missouri Merchandising Practices Act, violation of the First Amendment to the United States Constitution, and personal injury,[1] and demanded a trial by jury. Westgate subsequently filed a Motion to Strike defendants' demand for a jury trial. The issue before the Court is whether the Dicksons contractually waived their right to a jury trial by executing three separate contracts with Westgate that each contained a jury waiver provision.

---

[1] The parties do not dispute that the jury waiver provision would apply to all claims between the parties, including the Dicksons' personal injury claim, because the Dicksons have alleged the personal injury occurred while picketing on Westgate's property, an action Westgate has alleged is prohibited by the "Declaration of Covenants, Conditions, and Restrictions" the Dicksons agreed to be bound to when signing the contracts to purchase timeshare units. Therefore, the jury waiver provision would include the Dicksons' personal injury claim because the claim "arises out of, under, or in connection to" the contract between the parties.

Currently before the Court are Westgate's Motion to Strike Defendants' Demand for Jury Trial (doc. 6), the Dicksons' Suggestions in Opposition (doc. 8), Westgate's Reply (doc. 9), and related pleadings and documents. Finding that the Dicksons knowingly and voluntarily waived their right to a jury trial, the Court GRANTS Westgate's Motion to Strike Defendants' Demand for Jury Trial.

**Factual Background**

In August 2005, the Dicksons purchased their first timeshare unit from Westgate. In April 2006, the Dicksons traded in their first unit for a separate unit, for which the Dicksons signed the first contract at issue in this case. In September 2006, the Dicksons purchased two additional timeshare units from Westgate for which they signed the other two contracts at issue in this case.

Each of the three contracts at issue included a jury waiver provision in the terms and conditions of the contract, located on the reverse side of the contract. The jury waiver provision was located in the twenty-first paragraph that was labeled, "Choice of Law; Jurisdiction; Venue; and Waiver of Jury Trial." The jury waiver provision stood alone in the third subparagraph of the twenty-first paragraph and read:

> Each party hereto knowingly, voluntarily, and intentionally waives any right it may have to a trial by jury with respect to any litigation (including, but not limited to, any claims, cross-claims, counter-claims or third party claims) arising out of, under, or in connection with this Agreement or between the parties to this Agreement, their affiliates, subsidiaries, successors or assigns, and irrespective of whether such litigation arises out of this Agreement, by statute, or as a matter of tort law, and the parties hereto expressly consent to a non-jury trial in the event of any of the foregoing.

On June 2, 2010, Westgate filed a five-count Complaint against the Dicksons in the Circuit Court of Taney County, Missouri. On July 12, 2010, the Dicksons removed the action to this Court and filed their counterclaim.

**Discussion**

Federal law governs the enforcement of a jury waiver in this case. *Simler v. Conner*, 372 U.S. 221, 222 (1963) (holding federal law governs the right to a jury trial in diversity actions). A party may contractually waive its Seventh Amendment right to a jury trial. *Nw. Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 373 F.2d 136, 142 (8th Cir. 1967); *Leasing Serv. Corp. v. Crane*, 804 F.2d 828, 832 (4th Cir. 1986) (internal citations omitted). For a party's jury waiver to be valid, the party must make the waiver "knowingly and voluntarily." *Popular Leasing USA, Inc. v. Nat'l Restoration Sys., Inc.*, No. 4:04 CV 01629, 2005 WL 2033423, at *2 (E.D. Mo. Aug. 23, 2005) (citing *Telum, Inc. v. E.F. Hutton Credit Corp.,* 859 F.2d 835, 837 (10th Cir.1988); *Crane,* 804 F.2d at 833 (4th Cir.1986)).

A circuit split exists regarding which party bears the burden of proving whether consent to a jury waiver was knowing and voluntary. *Compare Crane*, 804 F.2d at 833 (holding the party seeking to enforce the waiver bears the burden of proving knowing and voluntary consent) *with K.M.C. Co. v. Irving Trust Co.*, 757 F.2d 752, 758 (6th Cir. 1985) (holding the party seeking to avoid waiver bears the burden of proving lack of knowing and voluntary consent). Although the Eighth Circuit has not explicitly ruled on the question, courts within the circuit "have generally held that the party attempting to enforce the waiver has the burden of proving the waiver is 'knowing' and 'voluntary.'" *Thomas v. Vista A & S 2006-I LLC*, No. 4:09CV3143, 2010 WL 3119802, at *1 (D. Neb. Aug. 5, 2010) (citing *ERA Franchise Sys., LLC v. Realty Linc, Inc.*, No. 8:08CV149, 2009 WL 464942, at *1 (D. Neb. Feb. 23, 2009); *Morris v. McFarland Clinic P.C.,* No. 4:03-CV-30439, 2004 WL 306110, at *1 (S.D. Iowa Jan. 29, 2004)). This Court does not need to resolve the issue of which party bears the burden of proof because Westgate has

3

offered sufficient evidence to show that the Dicksons knowingly and voluntarily consented to the jury waiver. *See Conn. Nat'l Bank v. Smith*, 826 F. Supp. 57, 60 (D. R.I. 1993).

Courts have considered various factors in determining whether a party's waiver was knowing and voluntary, including, "whether the waiver provision is on a standardized form agreement or newly-drafted document, in fine print or in large or bold print, set off in a paragraph of its own, in a take-it-or-leave-it or negotiated contract, and the length of the contract." *Popular Leasing USA, Inc. v. Terra Excavating, Inc.*, No. 4:04CV1625 CAS, 2005 WL 2468069, at *2 (E.D. Mo. Oct. 6, 2005) (citing *Coop. Fin. Ass'n v. Garst*, 871 F.Supp. 1168, 1172 (N.D. Iowa 1995) (internal citations omitted)).

These factors weigh in favor of finding the Dicksons have knowingly and voluntarily waived a trial by jury in this case. First, the fact that the jury waiver at issue was included in a preprinted, standardized contract, does not bar its enforceability even if, as the Dicksons contend, Westgate presented the contract on a "take it or leave it" basis. *Conn. Nat'l Bank*, 826 F. Supp. at 60 (citing *Seaboard Lumber Co. v. United States*, 903 F.2d 1560, 1564 (Fed. Cir. 1990)) (enforcing contractual jury waiver despite that the contract was presented in a "take it or leave it" manner). Moreover, the fact that the Dicksons had the opportunity to cancel each contract within five days after execution and had five months to review the terms of the first contract before signing two additional contracts suggests that the Dicksons were not forced or coerced into signing the contracts but rather knowingly and voluntarily agreed to the contract terms, including the jury waiver provision.

Although the jury waiver at issue was set in fine print on the reverse side of the contract, the waiver was not buried or inconspicuous. The other terms and conditions on the page were set in the same fine print, the waiver was isolated in its own subparagraph under the unambiguous

paragraph heading "Choice of Law; Jurisdiction; Venue; and Waiver of Jury Trial," and the contract itself was only two pages long. *Crane*, 804 F.2d at 833 (enforcing jury waiver set in fine print, on back side of a page, and in the middle of a paragraph, because the contract consisted of only two pages); *Conn. Nat'l Bank*, 826 F. Supp. 57 at 60 (enforcing jury waiver even though waiver was located on the last page of the contract, not set apart, and in fine print, because the other clauses were set in the same fine print); *In re Reggie Packing Co., Inc.*, 671 F. Supp 571, 573 (N.D. Ill. 1987) (holding "there are no special requirements…for setting off or highlighting a jury waiver clause in a contract"). The conspicuousness of the jury waiver in the context of the short, two-page contract further suggests that the Dicksons knowingly and voluntarily consented to the jury waiver when they signed the contracts.

In determining whether a party knowingly and voluntarily waived a jury trial, courts have also considered "whether the waiving party was represented by counsel, whether the waiving party was a sophisticated business person aware of the consequences of the waiver, whether the parties were manifestly unequal in bargaining power, and whether there was an opportunity to review all of the terms of the contract and whether the waiving party did so." *Popular Leasing USA, Inc. v. Terra Excavating, Inc.*, No. 4:04CV1625 CAS, 2005 WL 2468069, at *2 (E.D. Mo. Oct. 6, 2005) (citing *Coop. Fin. Ass'n*, 871 F.Supp. at 1172).

The Dicksons assert that Mr. Dickson cannot read above a second-grade level and lacked the sophistication to understand the jury waiver provision. However, this argument is unpersuasive because the jury waiver language is unambiguous and "specialized knowledge or sophistication is not required to understand the jury waiver provision." *Popular Leasing USA, Inc. v. Turner Constr. Co.*, No. 4:05-CV-248, 2005 WL 2874741, at *2 (E.D. Mo. Oct. 31, 2005). In addition, "[u]nder Missouri law, a party who signs a contract is presumed to have

knowledge of its contents." *Id.* (citing *Dorsch v. Fam. Med., Inc.*, 159 S.W.3d 424, 436 (Mo. App. 2005). Furthermore, Mrs. Dickson, who Defendants do not contend lacked the ability to understand the waiver, read and signed each contract and was available to assist Mr. Dickson in understanding the terms. *See First Nat'l Bank v. Hall*, 108 S.W. 633, 634 (Mo. Ct. App. 1908) (holding that an individual who cannot read or understand the terms of an instrument is under a duty ask a trustworthy individual to read or explain the instrument's terms before signing the instrument).

In addition, a gross disparity in bargaining power did not exist between the parties because the Dicksons had the opportunity to consult with an attorney and negotiate the terms of each contract. Although the Dicksons did not consult with an attorney prior to signing the first contract in April 2006, according to the contract language, they had an opportunity to consult with an attorney and cancel the contract within five days after execution. In addition, the Dicksons could have consulted an attorney during the five months between signing the first contract and signing two additional contracts in September 2006. The Dicksons, who had the opportunity to consult with an attorney, signed three contracts containing the jury waiver that they are presumed to have read and agreed to and therefore, have knowingly and voluntarily waived their right to a jury trial.

## Conclusion

The Court finds that the Dicksons knowingly and voluntarily waived their right to a jury trial in this case. The jury waiver provision was conspicuous despite its fine print because the print size was uniform with all other terms and conditions in the contract, the waiver was distinctly set apart in its own subparagraph, and the paragraph heading plainly read "Waiver of Jury Trial." In addition, the Dicksons had a duty to read and understand the terms of the contract

before signing and therefore, the plaintiffs' signatures indicate that they did read and agree to the jury waiver provision. Finally, a gross disparity in bargaining power did not exist between the parties because the Dicksons agreed to the jury waiver provision in three separate contracts while they had opportunities to consult with an attorney, negotiate terms, or cancel the contracts. Therefore the plaintiff's Motion to Strike Defendants' Demand for Jury Trial is GRANTED.

**IT IS SO ORDERED**

Date:   November 15, 2010                             /s/ Greg Kays
                                                     GREG KAYS,
                                                     UNITED STATES DISTRICT JUDGE